LAVERGNE, PETICIONARIO Y APELANTE, *v.* COMISIÓN DE LA POLICÍA INSULAR, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, sobre expedición de auto de *mandamus.*

No. 1967.—Resuelto en julio 31, 1919.

MANDAMUS—SEPARACIÓN DEL CARGO O EMPLEO—COMISIÓN DE LA POLICÍA INSULAR—NOTIFICACIÓN Y AUDIENCIA AL EMPLEADO—DERECHO DEL EMPLEADO ANTES DE SER DESTITUÍDO.—Una audiencia significa y lo exigen los dictados de la justicia común, que al funcionario a quien se trata de separar de su cargo, habrá de hacérsele una notificación razonable de los actos específicos u omisiones de que se le acusa, dándole una oportunidad razonable para defenderse, esto es, para contestar los cargos y presentar sus pruebas, y si lo deseare, permitirle confrontarse y repreguntar a los testigos en su contra, aunque él puede, si quiere, renunciar o abandonar cualquiera de estos privilegios. *Cintrón* v. *Berríos,* 24 D. P. R. 721.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogados de la apelada: *Sr. Luis Campillo, Fiscal,* y *R. Díaz Collazo, Assistant Fiscal de San Juan.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El apelante fué separado deshonrosamente del Cuerpo de la Policía Insular y apela ahora de la sentencia dictada por la corte de distrito negándose a expedir un auto de *mandamus* por el que se ordene a la Comisión de la Policía Insular que se le restituya en su cargo.

En la petición se alegaba entre otras cosas que el día 7 de noviembre de 1917 y mientras el peticionario se encontraba actuando con el debido celo y deligencia como policía insular en la ciudad de San Juan fué injustamente arrestado por orden del fiscal de la corte de distrito bajo el pretexto infundado de que el peticionario había infringido el artículo 93 del Código Penal, abandonando sin causa el servicio que como policía prestaba el día 18 de agosto de 1917 en la custodia de las papeletas electorales que se encontraban depositadas en el edificio ocupado por la Cámara de Representantes, y posteriormente en mayo de 1918 el peticionario fué declarado absuelto de dicha imputación por la Corte de Distrito de San Juan que ordenó el sobreseimiento y archivo de la causa; que con motivo del referido arresto el peticionario fué injustamente suspendido de su cargo de policía insular y de su sueldo el 9 de noviembre de 1917 hasta que la Corte de Distrito de San Juan dictara su resolución definitiva en el proceso; pero alega el peticionario que ni en el acto de ocurrir los hechos de abandono de servicio en agosto 18 de 1917, ni en el acto del arresto del peticionario en noviembre 7, 1917, ni en ninguna otra fecha dentro del año subsiguiente de tales fechas fueron presentados cargos de índole alguna contra el peticionario ante la Comisión de la Policía Insular ni por el jefe de distrito de San Juan, ni por el oficial comandante que actuaba como tal ni por ningún otro subalterno u oficial competente para ello; que más de un año después de haber sido arrestado y sus-

pendido de empleo y sueldo el peticionario por el infundado motivo a que se ha hecho referencia, Felipe Olmo en su carácter de jefe de distrito de San Juan, pero que no era el oficial comandante de ese distrito, ni en agosto 18 de 1917 ni en 7 de noviembre de 1917, presentó ante la Comisión de la Policía Insular, en noviembre 18 de 1918, un pliego de cargos contra el peticionario, alegando como fundamento que el peticionario dió lugar a que el fiscal de distrito de San Juan formulare una acusación contra el peticionario por infracción del artículo 93 del Código Penal, pero sin afirmar que el peticionario hubiera cometido infracción o falta alguna ni que éste hubiera sido declarado convicto en virtud de la acusación mencionada; que el peticionario, sin embargo, en noviembre 19 de 1918, contestó negativamente los hechos que motivaron dichos cargos y solicitó una investigación para presentar prueba de su inocencia, y sin embargo de esto la Comisión de la Policía Insular sabía perfectamente lo injustificado de los cargos y que éstos no habían sido formalmente presentados, y que el peticionario no había sido declarado convicto por ninguna corte en virtud de la acusación que motivó el arresto del peticionario, dicha comisión, apasionadamente y demostrando parcialidad, sin oir al peticionario en su defensa y sin darle una oportunidad para presentar prueba en apoyo de su inocencia, en una forma arbitraria e ilegal no registrada en los anales de la historia de la Comisión de la Policía Insular de Puerto Rico, a espaldas del peticionario, el 9 de diciembre de 1918 decretó la separación deshonrosa del peticionario del Cuerpo de la Policía Insular, retrotrayendo los efectos de esa separación al día 7 de noviembre de 1917, en que no existían cargos de ninguna índole contra el peticionario formulados ante dicha comisión; y que por virtud de tan arbitrario decreto el peticionario ha sido injusta y deshonrosamente destituído de su cargo de policía insular, privado de su derecho para ejercitar su empleo y de cobrar su sueldo mensual como tal policía desde noviembre 7 de 1917; que el acuerdo de la comisión

de diciembre 9, 1918, por el cual se le destituye deshonrosamente del cargo de policía insular, es, según información que el peticionario cree cierta, el producto de combinaciones políticas puestas en práctica para perjudicar al peticionario y el de una errónea interpretación dada por la Comisión de la Policía Insular a cierta opinión que obtuvo del Attorney General de Puerto Rico relacionada con el asunto que motiva esta solicitud de *mandamus*; que la acción tomada por la Comisión de la Policía Insular con el deliberado propósito de perjudicar injustamente al peticionario, infringe abiertamente el artículo 9 de la ley disponiendo la organización, reglamentación y gobierno de la Policía Insular de Puerto Rico, aprobado el 12 de marzo de 1908, y el artículo sexto, regla cuarta, artículo 18, regla 1, y artículo 19, reglas 4 y 5 del Reglamento; que en diciembre 7, 1918, el peticionario requirió a la Comisión de la Policía Insular para que reconsiderara su acuerdo de separación deshonrosa del peticionario del Cuerpo de la Policía, abriendo nuevamente el caso de los cargos para que el peticionario tuviera oportunidad de comparecer ante la comisión, presentar pruebas y ser oído, restituyéndose mientras tanto, al peticionario, en su empleo de policía hasta que fuera separado legalmente y dicha comisión a pesar de que la ejecución de tales actos estaban dentro de sus atribuciones se negó a ello rotundamente.

Acompañando a la solicitud y como parte de la misma se encuentran los siguientes documentos: (*a*) un *memorandum* que dice lo que sigue:

"FELIPE E. LAVERGNE,
          "San Juan, P. R.
"POLICÍA INSULAR No. 174.

"POR CUANTO, el guardia Felipe E. Lavergne, No. 174, de este distrito, estando de servicio de 1.00 a. m. a 6.00 a. m. del día 18 de agosto de 1917, a la custodia de las papeletas electorales que estaban depositadas en un departamento del edificio que ocupa la Cámara de Representantes de Puerto Rico, abandonó su servicio, dando lugar a que el Hon. Fiscal del Distrito de San Juan formu-

lara contra él una acusación por infracción al artículo 93 del Código Penal, decretando su arresto, bajo fianza de $500.

"Todo en San Juan, a los 18 días del mes de noviembre de 1918.

"F. OLMO,

*"Jefe Encargado del Distrito.*

(*b*) Una comunicación del ayudante de la Policía Insular al jefe de distrito de San Juan de fecha diciembre 9 de 1918 respecto a cargos por abandono de servicio formulados contra el peticionario y por disposición del jefe de la Policía Insular manifestando que tales cargos habían sido sometidos a la resolución de la Comisión de la Policía Insular, la que después de examinarlos detenidamente resolvió decretar la separación deshonrosa del acusado, efectiva desde la terminación del día 7 de noviembre de 1917, o sea desde la fecha en que el acusado fué suspendido en su cargo por la falta que se le imputa en los referidos cargos; (*c*) una carta del presidente de la Comisión de la Policía Insular dirigida al abogado del peticionario de fecha 18 de diciembre de 1918 en la que expresa que Lavergne fué suspenso de su empleo y sueldo el 9 de noviembre de 1917, en virtud de una acusación presentada por el fiscal de distrito de San Juan por infracción al artículo 93 del Código Penal; que fueron formulados cargos contra este policía, los que fueron suministrados a él por escrito y a los cuales contestó; que la Comisión de la Policía Insular había examinado cuidadosamente las circunstancias del caso, solicitada y obtenida la opinión del Attorney General en el asunto y ordenado la destitución de Lavergne de la fuerza para bien del servicio; y que siendo ésta la situación del caso en ausencia de información adicional la comisión no podía reconsiderar el caso.

El abogado del apelado admite que, de acuerdo con la ley y los reglamentos que rigen para la Policía Insular de Puerto Rico, si no por virtud de la Ley del Servicio Civil, el acusado tiene derecho a ser oído y tener la oportunidad de defenderse, pero insiste en que la petición muestra por su faz que al peticionario se le suministró copia de los cargos for-

mulados contra él a los que contestó por escrito y que con
esto se cumple con todos los preceptos de la ley.  Pero el
peticionario alega que la contestación a los cargos así como
su solicitud para que se abriera nuevamente y reconsiderara
su caso iba acompañada de su petición con el fin de que se
hiciera una investigación y se· le diera la oportunidad de
presentar pruebas para demostrar su inocencia en cuanto a
los cargos formulados contra él, y que dicha oportunidad le
fué negada.

Ninguna de las partes tenía conocimiento, según parece,
de que la cuestión envuelta en este caso fué resuelta por este
tribunal unos dos años antes de la fecha en qué fué dictada
la sentencia apelada.  En el caso de *Cintrón* v. *Berríos*, ·24
D. P. R. 721, resolvió este tribunal (hacemos la cita del su-
mario) lo siguiente:

"Una audiencia significa y lo exigen los dictados de la justicia
común que al funcionario a quien se trata de separar de su cargo,
habrá de hacérsele una notificación razonable de los actos específicos
u omisiones de que se le acusa, dándole una oportunidad razonable
para defenderse, esto es, para contestar los cargos y presentar sus
pruebas. y si lo deseare, permitirle confrontarse y repreguntar a los
testigos en contra, aunque él puede, si quiere, renunciar o abandonar
cualquiera de estos privilegios."·

En el presente caso no existe cuestión alguna de renuncia
o abandono de·tal derecho y como ya hemos indicado no se
alega que la Comisión de la Policía Insular tiene la.facultad
sin previa audiencia, de condenar a un policía y en bien del
servicio decretar su separación deshonrosa de dicho cuerpo.

Considerados los hechos arriba descritos, a la luz de la
ley y de los reglamentos que rigen tales cuestiones, ellos su-
gieren un número de interesantes cuestiones; pero bastará
por ahora con decir que la petición muestra por su faz el
derecho a un auto alternativo de *mandamus*, ordenándose
la restitución del peticionario como miembro de la Policía
Insular o en el caso de no darse cumplimiento al mismo .se
muestren las razones que existan para no hacerlo, sin que

en dicho auto se resuelva la cuestión relativa a sueldos o la concesión de ningún otro remedio solicitado, sin perjuicio de ulteriores procedimientos por parte de la Comisión de la Policía Insular que puedan ser pertinentes.

La sentencia apelada debe ser revocada devolviéndose las actuaciones.

> *Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos no inconsistentes con la opinión.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.